Henry ORTIZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20142.

United States Court of Appeals
Ninth Circuit.

March 25, 1966.

David C. Marcus, Los Angeles, Cal.,
for appellant.

Manuel L. Real, U. S. Atty., John K.
Van De Kamp, Asst. U. S. Atty., Chief,
Crim. Div., J. Brin Schulman, Asst. U. S.
Atty., Asst. Chief, Crim. Div., Jo Ann
Dunne, Asst. U. S. Atty., Chief, Frauds
Section, Robert J. Timlin, Asst. U. S.
Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and ELY,
Circuit Judges.

HAMLIN, Circuit Judge.

The grand jury for the Southern District of California, Central Division, in-

dicted Henry Ortiz, appellant herein, charging him on five counts with the sale and concealment of heroin in violation of 21 U.S.C. § 174. After a jury trial appellant was convicted of all five counts and was sentenced to a term of imprisonment. A timely appeal was taken to this court which has jurisdiction under 28 U.S.C. § 1291.

Four contentions of error are made by appellant: (1) that the district court prejudicially erred by failing to instruct the jury on the question of entrapment; (2) that certain evidence was wrongly admitted; (3) that the district court erred in failing to instruct the jury that the testimony of the informer should be carefully scrutinized; and (4) that the evidence was insufficient to support the verdict of guilty.

The record discloses that a Miss Elaine Guiton, a government informer, testified that from August 24 to August 28, 1964, she had various conversations and meetings with appellant, during which there occurred the sales and concealments of heroin by appellant which were charged in the indictment against him. The informer testified that after each purchase of heroin from appellant she gave the heroin, which was later introduced into evidence, to government agents, who had it analyzed. In testifying to their knowledge of these meetings, the government agents stated that they watched the activities of appellant and the informer, and supplied the informer with number-registered money for the heroin purchases, some of which was subsequently found on appellant's person. The agents corroborated the informer's testimony as to the activities the agents observed.

Appellant testified at the trial and denied that he had at any time either sold heroin to the informer or had possession of heroin on the dates indicated by her testimony. He admitted being with the informer at the times indicated by the evidence, but contends that at no time had he committed the acts charged against him in the indictment. The appellant admitted that he had been convicted of two prior felonies—one for robbery and another for narcotics. He maintained that his contacts with the informer were purely social and that he was trying to persuade the informer to discontinue the use of narcotics.

■■■ (1) Even though the appellant at the trial denied the commission of the offense charged against him, he requested the court to instruct the jury on the question of entrapment. This the court refused to do, and the appellant claims this is error. We do not agree. This court has many times held that where a defendant denies the commission of a crime, he is not entitled to the defense of entrapment.[1] As we said in Ortega v. United States, 348 F.2d 874, 875–876 (9th Cir. 1965):

" 'Entrapment' is a word of art having a precise definition in the law. This definition attempts to delineate what entrapment is as well as what it ordinarily is not. It is:

" 'the act of a government officer or agent *inducing a person to commit a crime not contemplated by him,* for the purpose of instituting a criminal prosecution against him. But the mere act of an officer in furnishing the accused an opportunity to commit the crime when the criminal intent was already present in the accused's mind is not ordinarily entrapment.'

(Emphasis added.) Black's Law Dictionary, 4th ed., p. 627.

"As we said in Ramirez v. United States, 9 Cir., 294 F.2d 277, 283 (1961): '[A]bsent the commission of a crime, there can be no entrapment.' [Citing Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249 (1932); Eastman v. United

1. E. g., Ortega v. United States, 348 F.2d 874 (9th Cir. 1965); Eastman v. United States, 212 F.2d 320 (9th Cir. 1954);

Dunbar v. United States, 342 F.2d 979 (9th Cir. 1965) (dictum).

States, 212 F.2d 320 (9th Cir. 1954)] * * *.

"Thus, to utilize the entrapment defense, an accused must admit he committed acts which constitute a crime, but assert that those acts he committed were not contemplated by him until he was improperly induced to commit them by a government agent."

We adhere to this holding.

(2) Appellant next contends that the admission of certain hearsay testimony was prejudicial even though it was stricken from the record by the court and the jury was instructed to disregard it.

When the informer was on the stand she testified, both on direct and cross-examination, as to her and appellant's activities and conversation on the occasion of their last meeting at a motel prior to appellant's arrest. She also testified as to the arrangement she had made with the government agents concerning a signal she was to give when appellant left the motel to indicate whether the appellant then had on his person the narcotics in question or whether he had left the narcotics in the motel room. When he left the motel he had taken some of the narcotics and had left some in the room and she was confused as to what signal to give, and had therefore given no signal.

Later in the trial one of the government agents who had talked to the informer about the arrangements of the signal was cross-examined on this subject. Counsel for appellant asked questions of the agent concerning his conversation with the informer about the signal. It was also established by appellant's counsel that no signal was given. Thereafter, on redirect examination the government agent was asked, over appellant's objection, what statement the informer had made about the failure to give the signal. The agent then testified that the informer had told him that the appellant had taken some narcotics from the motel room and had left some there, and that she had not given the signal because he had not taken all of it. The court sustained appellant's objection at this time and ordered the statements stricken from the record and instructed the jury to disregard them. An instruction to disregard evidence stricken out was again given the jury in the court's general instructions.

■ The appellant maintains that the introduction into evidence of the agent's testimony concerning his conversation with the informer was prejudicial error. We see no prejudicial error in view of the circumstances of this case which includes the following: cross-examinations by appellant's counsel of both the informer and the government agent which went into their conversation and which showed that no signal was given; and the court's instruction, given to the jury on two occasions, to disregard the questions and answers to which appellant objected.

■ (3) Appellant next contends that the failure of the court to give on its own motion a cautionary instruction that the informers' testimony should be viewed with great care and caution and carefully scrutinized was plain error. Appellant admits that the instruction was not requested by him. Under the circumstances we see no error in the failure to give such an instruction.

■ (4) Appellant's final contention that the evidence was insufficient to support the verdict is equally without merit. There was ample testimony, both on the part of the informer and on the part of the government agents who were watching activities of the informer and appellant, that would establish the guilt of the appellant if this testimony was believed. The credibility of the witnesses was a matter for the jury.

Judgment affirmed.