**Joe Aragon MARTINEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9109.**

United States Court of Appeals
Tenth Circuit.

March 6, 1967.

Gene E. Franchini, Albuquerque, N. M., for appellant.

John Quinn, U. S. Atty., and John A. Babington, Asst. U. S. Atty., for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a judgment of conviction and sentence following a jury conviction on two counts of an indictment charging violations of 26 U.S.C. § 4744(a) and § 4742(a).

At the trial appellant, who was the defendant there, urged entrapment as a defense and here complains about the inadequacy of the trial court's instruction to the jury on entrapment.[1]

The defense of entrapment was unknown to the common law. Although it is now firmly entrenched in federal jurisprudence it is still not recognized in some state jurisdictions.[2] It may be described as an affirmative or positive defense and is in the nature of a confession and avoidance. It cannot be applicable to the facts of a particular case unless the commission of the crime charged is admitted by the accused rais-

---

[1] "To constitute a defense, the entrapment must be unlawful. Unlawful entrapment means that the idea of committing the crime originated with the law enforcement officers or their agents, rather than with the defendant; that he had no previous disposition to violate the law, and that they urged and induced him to commit the crime charged.

"This defense is based on the policy of the law not to ensnare or entrap innocent persons into the commission of a crime, and the burden is on the Government to prove beyond a reasonable doubt that the defendant was not entrapped.

"The defense of unlawful entrapment is not established if the defendant was ready and willing to violate the law, and the law enforcement officers, or their agents, merely afforded him the opportunity of committing the crime. Under these circumstances, entrapment is lawful, rather than unlawful, even though the law enforcement officers may have used a ruse or otherwise concealed their identity."

[2] 21 Am.Jur.2d, Criminal Law § 143.

ing the defense.[3] Its inception and history in the federal courts are recited in both the majority and concurring opinions in Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, and need not be repeated here.

The principle of law involved is not complicated and may be simply stated. Entrapment occurs when the criminal design or conduct originates in or is the product of the minds of the government officials and is implanted by them in the mind of an otherwise innocent person. In the words of the Court in Sherman v. United States, supra at 372, 78 S.Ct. at 821, "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal."

The fact that an accused asserts the affirmative defense of entrapment does not shift the burden of proof to him. When the defense is raised or asserted, the burden is upon the government to prove beyond a reasonable doubt that entrapment did not occur. If the facts and circumstances of the case show conclusively that entrapment occurred, the trial judge has a duty to find that entrapment, as a matter of law, exists in the case. If the evidence in the case on the issue is conflicting, the issue of entrapment should be submitted to the jury. Without reviewing in this opinion the evidence in this case we believe from a reading of the record the trial court properly submitted the issue of entrapment to the jury.

Appellant complains about the use of the term "unlawful entrapment" and the word "predisposition" in the entrapment instruction given in this case by the trial judge. We agree with appellant that the use of the word "unlawful" preceding the word entrapment in the instruction given was unnecessary and in our opinion improper. Regardless of any suggested forms of jury instructions, we find no substantial legal authority categorizing entrapment as "lawful" and "unlawful".[4] The defense asserted is simply entrapment and that is the issue to be determined as a matter of law by the judge and as a matter of fact by the jury. The jury should be instructed as to the necessary elements of entrapment as they have been so clearly defined by the Supreme Court [5] and by this Circuit [6] without injecting into the case any extraneous matter. Appellant urges that the use of the word "unlawful" in this instruction imposed a burden of proof upon him. We do not agree because the court, in that same instruction, told the jury "The burden is on the Government to prove beyond a reasonable doubt that the defendant was not entrapped." The court adequately advised the jury as to the elements of entrapment, although he referred to it as "unlawful entrapment" and also correctly advised the jury the circumstances under which "unlawful entrapment" could not exist. Although we do not approve of the use of the words "lawful" and "unlawful" in connection with the word entrapment, we believe that the instruction given, as a whole, fairly advised the

3. Ortiz v. United States, 9 Cir., 358 F.2d 107; United States v. Georgious, 7 Cir., 333 F.2d 440, cert. denied, 379 U.S. 901, 85 S.Ct. 191, 13 L.Ed.2d 176. And see, Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 and Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413.

4. See the recent decision of this Court in Garcia v. United States of America, 10 Cir., 373 F.2d 806, for a further discussion of the subject.

5. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Sherman v.

United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462.

6. Ryles v. United States, 10 Cir., 183 F.2d 944, cert. denied, 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 637; Maestas v. United States, 10 Cir., 341 F.2d 493; Jordan v. United States, 10 Cir., 348 F.2d 433; Lucas v. United States, 10 Cir., 355 F.2d 245, cert. denied, 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687; Robinson v. United States, 10 Cir., 366 F.2d 575, cert. denied, 385 U.S. 889, 87 S.Ct. 717, 17 L.Ed.2d 547.

jury on the issue and that appellant was not prejudiced by the use of the words "lawful" and "unlawful".[7]  Likewise we can find no merit in appellant's objection to the word "predisposition" in the instruction.  It was properly used in connection with one of the elements of entrapment and did not inject any new issue into the case as argued.

We have carefully read and considered the entire record in the case and must conclude that the accused received a fair trial, free of any prejudice.

Affirmed.