Sidney Bernard **ROWLETTE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 9810.

United States Court of Appeals
Tenth Circuit.

April 23, 1968.

Frederick M. Kal, Denver, Colo. (William C. Erbecker, Indianapolis, Ind., on the brief), for appellant.

Donald E. Cordova, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant, Rowlette, was convicted by the trial judge, sitting without a jury, of interstate transportation and sale of a designated non-narcotic drug delivered in unlabeled containers, in violation of 21 U.S.C. § 331(k), a section of the Federal Food, Drug, and Cosmetic Act. The court found Rowlette guilty, pronounced judgment, and sentenced him to one year imprisonment. This appeal followed.

In 1966 Rowlette sold Brown, an agent for the Bureau of Drug Abuse Control, amphetamine tablets in violation of the Act. Brown used an alias of "Ben Wade". Prior to March 15, 1967, Rowlette was an accused in a case involving a violation of the Act in the Chicago area. He was subsequently convicted. On March 15, 1967, Brown, using the

alias,[1] telephoned from Los Angeles, California, to Rowlette's home in Indiana. Rowlette was not at home, but in compliance with Brown's request, returned the call on the same date. He was advised by Brown that a friend who operated a truck stop in Denver, Colorado, wished to purchase a large amount of amphetamine pills of the same type sold by Rowlette to Brown in 1966. Rowlette established the price of the pills and agreed that they would be the same type as those purchased in 1966. Later in the day Rowlette again called Brown, established a date for the meeting in Denver, and determined the amount and type of pills he would deliver. Rowlette then instructed Brown to call him when he arrived in Denver and to leave a number so that contact could be made if events were changed.

Brown flew to Denver on March 16, 1967, and called Rowlette twice but did not contact him at his Indiana home. Brown left a Denver telephone number for a return call and it was returned later on this date. The time and place of the Denver meeting was established together with an understanding that the number of pills to be delivered would be less than originally promised. On March 17, the date of the arranged meeting, Rowlette called Brown from Chicago, confirming his arrival in Denver, the meeting place, and the quantity of tablets to be delivered. Brown agreed to have the purchase money for payment on delivery.

The pre-determined meeting took place at the Denver airport. Brown and Rowlette carried the bags containing the drugs to the car used by Brown and placed them in the trunk where Brown opened the bags and viewed the containers. Brown then gave Rowlette an envelope containing money and when they started to get into the car, Brown placed Rowlette under arrest.

The bottles containing the tablets had no labels on them. They contained caffeine, a non-narcotic drug.

The only dispute in the evidence is that Rowlette contends Brown, having failed to induce him to obtain amphetamine tablets, agreed that he would accept the non-narcotic drug caffeine and that Rowlette further agreed, at Brown's suggestion, that the containers would not be labeled. The fact finder determined the credibility of the testimony and believed Brown.

Rowlette contends he was entrapped into committing the offense or, in the alternative, there was insufficient evidence to sustain the finding of guilty by the trial court.

■ This court has said that the defense of entrapment "may be described as an affirmative or positive defense and is in the nature of a confession and avoidance. It cannot be applicable to the facts of a particular case unless the commission of the crime charged is admitted by the accused raising the defense. [footnote omitted]." Martinez v. United States, 373 F.2d 810, 811–812 (10th Cir. 1967). Therefore, we shall not consider the alternative claim regarding insufficient evidence to sustain the finding by the trial court.

The trial court was the trier of the facts in addition to resolving the applicable law.

Rowlette moved for judgment of acquittal at the conclusion of the government's case on the ground of entrapment and the alternative disposed of above. The trial court denied the motion thereby determining as a matter of law that there was no entrapment.

■ Rowlette proceeded to adduce evidence regarding the entrapment and at the close of the evidence again moved for judgment of acquittal on the grounds stated above. After argument the court denied the motion and on August 30, 1967, found the accused guilty, thereby

---

1. Brown was at all times known to Rowlette as "Ben Wade". Hereafter, Brown will be referred to by his real name.

resolving the facts against Rowlette. Rowlette then filed a motion in arrest of judgment and a motion for judgment of acquittal and, in the alternative, for a new trial. These motions were untimely filed on September 11, 1967, and, therefore, deprived the trial court of jurisdiction to consider them. Fed.R. Crim.P. 29, 33, 34 and 45(b). The motions contained a number of objections which could not be considered because of the untimely filing. The notice of appeal alleges as its grounds the overruling of the motions above referred to and refers to the judgment and sentence which was pronounced on September 29, 1967. The notice of appeal was filed on October 5, 1967. We must strain the rules to accept the review of the judgment and thereby reach the issue of entrapment.

■ This court has spoken on the issue of entrapment many times since the landmark cases of Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932) and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). "Entrapment occurs when the criminal design or conduct originates in or is the product of the minds of the government officials and is implanted by them in the mind of an otherwise innocent person. In the words of the court in Sherman v. United States, * * * 'To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal.'" Martinez v. United States, supra, 373 F.2d at 812.

■■ The trial court found the government had reasonable grounds to believe that Rowlette was engaged in unlawful activity, Ryles v. United States, 183 F.2d 944, 945 (10th Cir. 1950), citing Sorrells v. United States, supra, and

also found the government had proved beyond a reasonable doubt that there was no entrapment. Martinez v. United States, supra, 373 F.2d at 812. The court's findings are supported by substantial evidence. Rowlette had sold amphetamines to Brown on a prior occasion. He had been convicted for selling amphetamines. He testified that he willingly came to Denver. The evidence shows the government merely afforded Rowlette an opportunity to commit an offense for which he had the criminal propensity. Jordan v. United States, 348 F.2d 433, 436 (10th Cir. 1965). This the law does not forbid. Martinez v. United States, 300 F.2d 9, 10 (10th Cir. 1962). This is not a case where the government agent offered substantial financial reward, feigned severe illness, or appealed to the sympathies of the appellant. Brown merely requested that the drugs be sold to him. Kibby v. United States, 372 F.2d 598, 602 (8th Cir. 1967). Rowlette willingly took advantage of the opportunity, but the law "will not protect the guilty from the consequences of subjectively mistaking apparent for actual opportunity to safely commit crime. [Citations omitted]." Marshall v. United States, 258 F.2d 94, 97 (10th Cir. 1958), rev'd. on other grounds, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959).

It is significant to note that Rowlette told Brown during the telephone conversations, as well as at the airport, that he was supplying various amphetamines; in fact, he supplied caffeine. Amphetamines had been requested. Thus, Rowlette did not react to the inducement made but unilaterally availed himself of a set of circumstances to commit the crime charged.

The trial court was correct in concluding that there was no entrapment.

Affirmed.