**Joe Kenneth RIDDLE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 482-69.

United States Court of Appeals,
Tenth Circuit.

March 9, 1970.

Robert H. Macy, Ada, Okl., for appellant.

Robert D. McDonald, Asst. U. S. Atty., Muskogee, Okl. (Richard A. Pyle, U. S. Atty., on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

The appellant Joe Kenneth Riddle was indicted on two counts of possession and two counts of sale of illegal liquor, in violation of 26 U.S.C. § 5604(a) (1). He was tried to a jury and convicted of one count of possession and one count of sale.

The transaction from which the conviction stems occurred on January 3, 1969. On that day Robert Accord, an investigator for the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service, went to the appellant's home and said that he wanted to buy a gallon of whiskey.

Accord had met Riddle on December 28, 1968, when he and another person went in search of Riddle to purchase some whiskey. They found Riddle and another person seated in a parked pickup truck on one of the streets of the little town of Connorville, Oklahoma.

The man accompanying Accord approached the pickup truck. Accord did not approach the truck in time to hear any conversation that took place or to see the exchange of any money for liquor.

What he did see was the passage to his companion from Riddle of a half gallon fruit jar of liquor.

Accord himself approached Riddle to buy liquor on the third of January. In response to his request to purchase a gallon of whiskey, Riddle told Accord to go to a certain tavern and wait there for him. He told Accord he would bring the whiskey to him there.

Accord went to the tavern and had waited for approximately 15 minutes when Riddle appeared and told him that he had what Accord wanted. The two men then went outside to Riddle's pickup truck where Riddle, in exchange for ten dollars, gave Accord two half gallon fruit jars containing whiskey upon which there were no strip stamps denoting payment of the federal tax required by 26 U.S.C. § 5205(a) (2).

The Government's sole proof at trial was the testimony of Accord, the substance of which is set out above. At the close of this evidence, the defense moved for a judgment of acquittal on the ground that the Government had failed to prove facts sufficient to sustain a conviction upon the charges in the indictment. The motion was denied and was not renewed by the defense at the close of all the evidence.

The defense then recalled Accord, the examination of whom it intended to use to produce evidence of entrapment. Accord testified in response to the questions of defense counsel in the same manner as he had during his testimony as a Government witness. Further, he testified that, although he subsequently tried to contact Riddle in order to purchase more liquor, he was never able to locate him, so that the three half gallons of whiskey were all the whiskey he was able to purchase from Riddle.

In addition to Accord, the defense called as a witness appellant's wife, who testified that she had never seen appellant in possession of illegal whiskey during their three years of married life and had no knowledge of any such activity on his part. Riddle, himself, did not take the stand.

Without objection by the defense, the case was submitted to the jury under instructions thoroughly delineating the defense of entrapment. The jury subsequently returned a verdict finding Riddle not guilty of the charges of possession and sale arising out of the events of December 28, 1968, and finding him guilty of the charges of possession and sale arising out of the transaction of January 3, 1969.

The appellant argues that the facts set forth above reflect that the Government failed to show beyond a reasonable doubt that he was not entrapped. His position is that the Government, by failing to show that he had possession of liquor when Accord's request to purchase some was made, failed to prove that he was ready and willing without persuasion to commit the offense and was merely awaiting an opportunity to do so.

■■ The issue presented on appeal is whether there is substantial evidence from which the jury could find beyond a reasonable doubt that the appellant was not entrapped into committing the offense. Because the defense is entrapment, the issue will be considered, even though the motion for judgment of acquittal was not renewed at the close of all the evidence.

Contrary to appellant's contention, the evidence is sufficient to sustain a jury's findings. Indeed, there is hardly a scintilla of evidence in the record to support any other findings.

Initially, it should be noted that the fact of immediate possession or in-hand possession is not essential to prove that the accused was not entrapped. See McCarthy v. United States, 399 F.2d 708 (10th Cir. 1968); Lucas v. United States, 355 F.2d 245 (10th Cir. 1966), cert. denied, 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687 (1966).

■ Neither does the mere fact that it was the Government agent who approached the appellant and requested

that he sell him liquor rise to the level of entrapment. Rowlette v. United States, 392 F.2d 437 (10th Cir. 1968).

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the prosecution, United States v. Turner, 421 F.2d 252 (10th Cir. 1970); Padilla v. United States, 421 F.2d 123 (10th Cir. 1970), the circumstances clearly show that Accord did not implant a criminal intent in the mind of an otherwise innocent person, see Martinez v. United States, 373 F.2d 810 (10th Cir. 1967); Lucas v. United States, *supra*, but, on the contrary, merely afforded Riddle the opportunity to commit a crime he was predisposed to commit. See Harris v. United States, 402 F.2d 464 (10th Cir. 1968); Rowlette v. United States, *supra*.

Affirmed.