**UNITED STATES of America,**
**Appellee,**

v.

**Phillip Lee CARLILE, Appellant.**

**No. 73–1332.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Oct. 17, 1973.

Decided Dec. 12, 1973.

Floy E. Dawson, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for appellee.

Jordan Hochstadt, Denver, Colo., for appellant.

Before SETH and DOYLE, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

PER CURIAM.

This is an appeal from a judgment of conviction and sentence following a jury conviction on two counts of an indictment charging violations of 21 U.S.C. § 841(a)(1), involving the distribution of heroin, a narcotic controlled substance.

The testimony of the government's witnesses disclosed that the appellant had, on November 4, 1972, sold him nineteen tin foil packets of purported heroin, all contained in a small brown bottle. On the following day an additional sale was made, on this occasion for five "spoons" at one hundred dollars per "spoon."

In appellant's opening statement to the jury it was made clear that the defense to the charges made was that of entrapment, and such was maintained throughout the trial. In fact, appellant himself took the stand, admitting the transfer of heroin to Agent Curtis on the dates in question and for the amounts involved. He urged, however, ·that the agent and the informant had played upon his sympathies by telling him that the heroin was badly needed by an addict friend who wanted enough heroin to allow him to get back to Texas. The agent testified that it was defendant himself who first broached the subject. The case went to the jury upon proper instructions, as to which no question is raised.

The appellant complains to us that the court improperly restricted the cross-examination of agent Curtis as to identification of the nineteen tin foil packets contained in the brown bottle, and their admission into evidence, since the agent's initials could be found only on nine of them, although he had testified that at the time of the sale he had initialed all nineteen. The court disallowed defense counsel to pursue this line of inquiry and admitted the evidence in view of the defense of entrapment asserted. In this there was no error. As we held in Martinez v. United States, 373 F.2d 810 (10th Cir. 1967):

"It [the defense of entrapment] may be described as an affirmative or positive defense and it is in the nature of a confession and avoidance. It cannot be applicable to the facts of a particular case unless the commission of the crime charged is admitted by the accused raising the defense." 373 F.2d at 811.

If there were any element of undue restriction upon these facts, which we cannot discern, the testimony of the appellant himself removes all questions for, in his testimony he admitted, and, indeed, insisted that the crimes charged were committed, and by him, hoping to convince the jury that this was done because of the government's entreaties that he so involve himself. The trial court properly rejected the motion for acquittal and sent the case to the jury, which, as we have noted, rejected the defense made. We find no error in the conduct of the trial.

Affirmed.

* Honorable Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.