**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Walter HAWKE, Sr., Defendant-**
**Appellant.**

**No. 74–1136.**

United States Court of Appeals,
Tenth Circuit.

Nov. 11, 1974.

Certiorari Denied March 17, 1975.
See 95 S.Ct. 1404.

Daniel J. High, Asst. Public Defender, Wichita, Kan. (Leonard D. Munker, Federal Public Defender, Wichita, Kan., with him on the brief), for defendant-appellant.

Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., with him on the brief), for plaintiff-appellee.

Before HOLLOWAY and McWILLIAMS, Circuit Judges, and CHRISTENSEN,* Senior District Judge.

CHRISTENSEN, Senior District Judge.

Convicted and sentenced upon jury trial of unlawfully transporting in interstate commerce a firearm having a barrel less than eighteen inches in length which was not registered, in violation of 26 U.S.C. § 5861(j), unlawfully possessing such firearm in violation of 26 U.S.C. § 5861(d), and unlawfully

---

* Of the District of Utah, sitting by designation.

transferring it without having first filed a written application with the Secretary of the Treasury as required by 26 U.S.C. § 5812 in violation of 26 U.S.C. § 5861(e), appellant James Walker Hawke, Sr. contends in support of this appeal that (1) the trial court committed plain error in submitting the issue of entrapment to the jury as well as giving the usual instructions under a plea of not guilty, since the defendant did not "admit" the acts charged in the indictment; (2) similarly erred in receiving evidence of criminal activity by the defendant not related to the crimes charged; (3) erred in receiving in evidence transcripts of recorded telephone conversations between the defendant and a government informer, and (4) erred in denying defendant's motion for judgment of acquittal at the close of the government's case in chief for failure of possession and interstate transportation proof.

No extended review of facts or law is essential to lead into a discussion and resolution of these questions. The development and present status of the defense of entrapment have been adequately reviewed for present purposes in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), with which the numerous decisions of this court on the subject are essentially consistent. Those in which appellant finds some comfort will be noted later with reference to particular points. Factually we may start out with recognition that the record tends to show that the appellant caused to be delivered the sawed-off shotgun described in the indictment under circumstances establishing a colorable case of entrapment by an informer acting in consort with state and federal agents, but falling far short of entrapment as a matter of law.

Appellant argues here that the giving of an entrapment instruction, although no exception was taken to submission of the issue to the jury, was improper or confusing and constituted plain error. Relying upon language in Martinez v. United States, 373 F.2d 810 (10th Cir. 1967), and Ortiz v. United States, 358 F.2d 107 (9th Cir.), cert. denied, 385 U.S. 861, 87 S.Ct. 114, 17 L.Ed.2d 88 (1966), that to utilize that defense the commission of the crime must be "admitted", appellant says that he made no such admission and on the contrary, although he did not take the stand, contested all elements of the claimed offenses. It is true that the trial court did place upon the government the burden of proving beyond a reasonable doubt all of the elements of the offenses charged, together with the absence of entrapment.

*Martinez* and *Ortiz* supply no definitive answers as to the form the "admission" must take and whether a court may commit prejudicial error against an accused who declines to testify in support of the defense of entrapment by failure to submit, or by submitting without specific or implied request, that evidentially supported issue to the jury or by the submission also over objection or on a silent record in this respect of issues relating to the elements of the offense under the plea of not guilty. Whether the court should comment to the jury concerning any implication of guilt the defense of entrapment carries beyond the confines of that defense is a related problem that seems not to have been suggested heretofore. We need not now pursue puzzling aspects [1] of these other problems, beyond noting cases from this and other circuits which squint at them while lighting up the narrower conclusion we reach here.[2]

1. "[The] word of art—'entrapment'—embodies one of the most confusing concepts in the law." Robison v. United States, 379 F.2d 338, 346 (9th Cir. 1967). The vacating of this decision by the Supreme Court, 390 U.S. 198 (1968), had no similar effect upon any such confusion that may have existed. (See United States v. Robison, 307 F.Supp. 403 (N.D.Cal.1968).)

2. In *Martinez* the submission of an entrapment defense to the jury was held to be proper and the manner of its submission, although irregular in form, free from preju-

Consistent with *Martinez* and other decisions in this circuit it is clear that appellant is in no position to complain of the submission of the issue of entrapment to the jury or of the resolution by it of that and the other submitted issues against him.

The record demonstrates that appellant relied upon entrapment as an important defense in this case and sought before the jury an acquittal on the basis of it.[3] Appellant's counsel took no exception to the submission of the entrapment issue to the jury, ex-

dicial error. In the course of the opinion the court observed that this defense "cannot be applicable to the facts of a particular case unless the commission of the crime charged is admitted by the accused raising the defense," citing *Ortiz, supra*; United States v. Georgiou, 333 F.2d 440 (7th Cir.), cert. denied, 379 U.S. 901, 85 S.Ct. 191, 13 L.Ed. 2d 176 (1964) ; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), and Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). The Supreme Court in the last two cases, except to the extent implicit in the very nature of the defense of entrapment, does not throw much light on the points. *Ortiz, supra*, says that "where a defendant denies the commission of a crime, he is not entitled to the defense of entrapment." There the defendant had testified and denied the commission of the crimes charged. The court of appeals accordingly held that refusal to submit the issue of entrapment to the jury was not error. Dunbar v. United States, 342 F.2d 979 (9th Cir. 1965), and Eastman v. United States, 212 F.2d 320 (9th Cir. 1954), both cited in *Ortiz*, are to the same effect. The opinion in *Georgiou* does not reveal whether the defendant took the stand, but without citation of authority states broadly that "[b]y invoking the defense of entrapment, defendant admits commission of the offense charged in the indictment." A variation is presented in Ramirez v. United States, 294 F.2d 277 (9th Cir. 1961), where it was held that the defendant could not urge for the first time on appeal entrapment as a matter of law, because throughout the trial he had "maintained that he did not commit the crimes charged," (although apparently he did not personally testify). In Garcia v. United States, 373 F.2d 806 (10th Cir. 1967), the record was held to be free of prejudicial error although the trial court at the request of the convicted defendant and over the objection of the government had submitted both entrapment and the general issues to the jury.

In Rowlette v. United States, 392 F.2d 437 (10th Cir. 1968), however, in reliance upon language in *Martinez*, the court rules that in view of the defendant's having interposed the defense of entrapment and because this was not applicable "unless the commission of the crime charged is admitted by the accused

raising the defense" the alternative claim on appeal that there was insufficient evidence to sustain the finding of guilt would not be considered.

See also Sears v. United States, 343 F.2d 139 (5th Cir. 1965), by which it was decided that the trial court had committed prejudicial error by failing to submit to the jury the issue of entrapment where the government's own case in chief injected substantial evidence of entrapment and the defendant, although not introducing evidence in support of it and asserting his innocence, did not take an inconsistent position. In Rodriguez v. United States, 227 F.2d 912 (5th Cir. 1955), it was acknowledged that the entrapment defense may be raised even though the defendant pleads not guilty, but it is pointed out that where a defendant insists, as was the case there, that the acts charged were not committed, "one of the bases of the defense is absent" and the trial court therefore was not in error in refusing to submit it. The defendant in Ware v. United States, 259 F. 2d 442 (8th Cir. 1958), had taken the stand in his own defense and denied making the sales in question : "He is in no position now to claim that he was entrapped into making the sales which he denies making."

Finally, it is to be noted that in United States v. Test, 486 F.2d 922 (10th Cir. 1973), cert. granted, 417 U.S. 967, 94 S.Ct. 3170, 41 L.Ed.2d 1138 (1974), both the issue of intent and the defense of entrapment were submitted to the jury. The government had contended, citing *Martinez*, that Test was not entitled to have the entrapment issue submitted because he pled not guilty to the offense charged. This court said: "Whether or not this be so as a general rule, [noting Sorrells v. United States, 287 U.S. 435, 439, 53 S.Ct. 210, 77 L.Ed. 413] a matter we do not reach, it is clear that the Government's case here was in no wise prejudice in the submission because the jury found with the Government."

3. At an omnibus hearing before a magistrate, following his indictment, appellant gave notice that he would rely on the defenses of "lack of knowledge of contraband ; lack of specific intent; entrapment; general denial". During the course of the trial the court made clear on the record its understanding that the defense of entrapment along with other de-

pressly stated that the first two paragraphs of the instruction on the subject were correct and expected to the remainder only because "I don't feel it states the law . . . [and] asks the jury to speculate . . . [d]oesn't have any definition of where this act must originate, in whose mind it must originate." These limited exceptions were meritless. Any incongruity in the submission of the entrapment defense along with other defenses was invited by appellant, was sought to be capitalized upon by him, afforded him, if irregular, more rather than less by way of defenses than he may have been entitled to, and did not constitute prejudicial, much less fundamental, error. Jordan v. United States, 348 F.2d 433 (10th Cir. 1965).

■ Appellant next contends that the admission of evidence of appellant's other criminal activity "unrelated to the crime charged in the indictment" constituted plain error that should be noticed here despite the absence of objection.

The record discloses that a Kansas Bureau of Investigation agent and federal Alcohol, Tobacco and Firearms agent, working undercover, had purchased the sawed-off shotgun as a result of the representation of an informer, Green, that they were looking over a job in Missouri and needed shotguns that could be "hidden under a coat". During personal and telephone conversations, some of which were recorded by the informer, the appellant had discussed various other criminal activities of his own and had sought to hire one of the agents to murder the current husband of appellant's ex-wife. Appellant agreed to pay $200 as a down payment for the murder. He withheld from this sum $60 as payment for the shotgun and handed over the $140 balance to the agents at the time they received the shotgun.

The requested killing and other criminal activities and plans of the appellant were not mentioned in the prosecution's opening statement; they did not come to the attention of the jury until counsel for the son of appellant, jointly charged but later acquitted, brought them out during cross-examination of the informer. Appellant made no objection to this testimony at the time and only when it was amplified on redirect-examination by the government was any opposition noted.

Irrespective of whether, as suggested by the government, the evidence of other criminal activity came into the record as a result of some common tactical plan of the defendants, we are of the opinion that its admission was not prejudicially erroneous. If the evidence concerning other criminal activities and plans were not so intimately connected with negotiations for the gun as to be admissible in any event as a part of the *res gestae*, so to speak, *cf.* United States v. Gilbert, 447 F.2d 883 (10th Cir. 1971), it was under the circumstances and in the context in which it arose admissible as evidence of the predisposition of the appellant to commit the crime charged.

■ It is now so well established as to require the citation of no further authority that where the issue of entrapment is properly before the jury

---

fenses was being relied upon. Prior to instructing the jury appellant's counsel was informed by the trial court that it would instruct the jury on the issue of entrapment. At no time during the course of the trial did appellant's counsel indicate in any way that the defense of entrapment was not relied upon. Appellant's counsel in final argument outlined to the jury the substance of the court's instruction on entrapment and contended that within that instruction the officers placed in the mind of a person, otherwise innocent, the idea to violate the law

and added: "I submit to you, ladies and gentlemen of the jury that is precisely what happended in this case. Even if you can get to the point of deciding if the law was ever violated and that Mr. Hawke, Sr. had any knowledge of it. I say to you that entrapment is a complete defense in this case." Counsel further argued that the lawmen had "baited Mr. Hawke into whatever may have been done"; that the appellant "was lured . . . into obtaining the shotgun", and that "I believe he was entrapped and I think you do, too, by Mr. Green and by the agents."

without valid objection on the part of an accused, proof of his predisposition by evidence of similar offenses, general reputation, or other reasonable indicia of intent or desire to commit the crime in question, is admissible. A defendant under such circumstances "cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue". Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), *supra* note 2, at 819–820.

■■ Appellant makes the point that the evidence did not go directly to a propensity to commit the particular offenses charged, as distinguished from a general propensity to violate the law. Some of it in fact did, but some of it did not bear expressly upon the types of crimes charged. We agree that the vital issue in relation to entrapment is whether the accused had a propensity to commit the particular crimes charged. The Supreme Court in *Sorrells*,[4] *Sherman*,[5] and Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966),[6] so indicated, and this court said as much in United States v. Gant, 487 F.2d 30, 33 (10th Cir. 1973), cert. denied, 416 U.S. 941, 94 S.Ct. 1946, 40 L.Ed.2d 293 (1974), its latest expression specifically on the point.[7] And in the later case of United States v. Johnson, 495 F.2d 242 (10th Cir. 1974) while an instruction to this effect was not reviewed for lack of objection, the court held that since there was sufficient evi-

tence to show the defendant to be ready and willing "to sell heroin . . . we cannot say he was entrapped [into selling heroin] as a matter of law."

Of course the commission of certain types of crimes may be clearly irrelevant; for example, negligent homicide by automobile could have no bearing on the issue of proclivity or predisposition to violate firearm or drug acts. Other offenses or conduct involving specific intent to violate the law may or may not be relevant dependant upon logical bearing in context. Departures from proof of the same types of crimes are accompanied by the potential for collateral involvements both unwarranted and prejudicial. Courts must remain on guard against these. *Cf.* Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959). But where, as here, there is evidence tending to show that an accused in connection with negotiations for the sale of illegal firearms was willing and anxious to take part in almost any sort of criminal activity, there can be little question of the relevancy of that evidence to his propensity to commit the charged offenses. Requisite propensity can be shown by circumstantial as well as direct evidence. Trial courts have broad discretion in the acceptance of evidence and this is especially true where timely objection is not interposed. Under the circumstances there was no abuse of that discretion in the admission of the evidence concerning negotiations with the infor-

---

4. "We are unable to conclude that it was the intention of the Congress in enacting this statute that its processes of detection and enforcement should be abused by the instigation by government officials of an act on the part of persons otherwise innocent in order to lure them to its commission and to punish them." 287 U.S. at 448, 53 S.Ct. at 215.

5. "In 1942 petitioner was convicted of illegally selling narcotics; in 1946 he was convicted of illegally possessing them. However, a nine-year-old sales conviction and a five-year-old possession conviction are insufficient to prove petitioner had a readiness to sell narcotics at the time Kalchinian approached him . . . The case at bar illustrates an evil which the defense of entrapment is designed

to overcome . . . the government plays on the weakness of an innocent party and beguiles him into committing crimes which he otherwise would not have attempted." 356 U.S. at 375–376, 78 S.Ct. at 822.

6. "Moreover, it is settled that when the defense of entrapment is raised, evidence of prior conduct tending to show the defendant's predisposition to commit the offense charged is admissible." 385 U.S. at 332, n. 11, 87 S.Ct. at 434.

7. "Moreover, predisposition to commit the crime charged in the information is relevant evidence when the accused has raised the defense of entrapment. *See* United States v. Abbadessa, 470 F.2d 1333 (10th Cir. 1972)."

mer and the undercover agents for the sale of the firearm in question and bearing upon the defense of entrapment.

■ The contention that the trial court erred in the admission of transcripts of recorded telephone conversations between appellant and the informer because they were irrelevant and "in violation of the best evidence rule" is without merit. The conversations, where they did not relate intimately to arrangements for procuring and delivering the gun, were relevant to appellant's predisposition in the sense already discussed. The court *in camera* compared the transcripts with the original recordings and determined that, except for the deletion of conversations of the informer with persons not connected with the Hawke investigation and containing nothing that would be helpful to him, they accurately reflected the contents of the tapes.

■ Appellant claims that his motion for acquittal should have been granted because the government failed to prove his possession of the firearm, that he knew that the barrel had been cut at the time of its delivery and that it was transported from Oklahoma into Kansas. Assuming that these elements had to be proved despite appellant's reliance upon the defense of entrapment, we think they were.

There was substantial evidence that appellant agreed to produce the shotgun at a certain time and place; that he and his son met with the informer and the agents at the time and place designated and the gun pursuant to appellant's specific directions was taken by the son from the trunk of the car in which the appellant had arrived and handed to one of the agents, and that appellant retained $60 from the $200 down-payment on the "murder" in consideration of delivery of the gun. The circumstantial evidence was sufficient to establish appellant's actual possession, United States v. Henry, 468 F.2d 892 (10th Cir. 1972), although the constructive possession abundantly

evident would have been enough. Where one is more than a mere participant in a transaction but has control over and is able to assure delivery, the doctrine of constructive possession prevents him from escaping "the consequences of his conduct by avoiding actual contact with the contraband". Lucero v. United States, 311 F.2d 457, 459 (10th Cir. 1962), cert. denied, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963). See also United States v. Virciglio, 441 F.2d 1295 (5th Cir. 1971); United States v. Cepelis, 426 F.2d 134 (9th Cir. 1970), cert. denied, 404 U.S. 846, 92 S.Ct. 149, 30 L.Ed.2d 83 (1971).

■ Proof that appellant himself cut off the barrel of the shotgun or had knowledge of its lack of subsequent registration was not required. See United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). The evidence showed that before its delivery within the State of Kansas the gun was located in Enid, Oklahoma, appellant's place of residence. Four days before the transfer appellant had agreed to produce a shotgun that could be hidden under a coat and a day later he told the informer that he would bring such a gun along with him when he traveled to an agreed point within the State of Kansas. As a part of the government's case there was abundant circumstantial evidence of the interstate transportation of the gun after it had been cut. Moreover, prior to the appellant's resting, there was testimony from the co-defendant to the effect that irrespective of the gun's condition— and the son denied he knew—as delivered to the agents it had been transported from Oklahoma in the trunk of the car in which he and appellant had arrived. See Maupin v. United States, 225 F.2d 680, 682 (10th Cir. 1955); United States v. Polizzi, 500 F.2d 856, 903 (9th Cir. 1974). See also Lucas v. United States, 355 F.2d 245 (10th Cir.), cert. denied, 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687 (1966).

Affirmed.