**Anthony Joseph MUNICH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19991.**

United States Court of Appeals
Ninth Circuit.
July 26, 1966.

**860**

See also, 9 Cir., 330 F.2d 774.

S. Carter McMorris, Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., Rothwell B. Mason, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the United States Court of Claims, and HAMLEY, Circuit Judge.

CHAMBERS, Circuit Judge:

Two years ago this court, on an appeal after a 28 U.S.C. § 2255 hearing, directed that Munich's prior plea of guilty to a narcotics charge, the judgment and the sentence all be vacated for the reason that the court did not believe the government had sustained its burden of proof that the plea was voluntarily made with the understanding of the mandatory sentence consequences in a case such as Munich's. Munich v. United States, 9 Cir., 337 F.2d 356.

The government thereupon chose to tidy up its original indictment by dis-missing the old one and reindicting Munich. Upon a trial Munich was convicted. He appeals.

His one substantial point not really precluded by prior decisions of this court or of the Supreme Court of the United States is that at the trial the government could not produce the narcotics which Munich was charged with selling. The heroin which was the subject of the sale had been regularly destroyed or disposed of in accordance with established procedures and statutes applicable when presumptively narcotics are no longer needed as evidence. Thus, we have a corpus delicti problem, or a half brother of one.

The government produced good evidence as to nature of what Munich sold, i.e. virtually everything possible except the narcotics. The appellant claims, however, that he lost an advantage to which he was entitled. If so, in this case, it would have to be in the field of making one's own test of the substance or some phase of cross examination of a witness. The possibility of such prejudice on the facts here seems too remote.

If there were some suggestion of connivance designed to put Munich at a disadvantage, we would not hesitate to reverse. And, it would be far different from Munich's case if there had been some careless handling of the substance. But all Munich has is a fortuitous (from his standpoint) circumstance. If Scott's case (People v. Scott, 176 Cal.App.2d 458, 1 Cal.Rptr. 600) is right in principle, and we think it is, this is an a fortiori case, even though this is a "real" evidence case and Scott's was a "circumstantial" one. The ultimate evidence in both cases was absent.

If one reads the transcript one finds counsel for defendant was able to make such a searching examination of the expert witnesses, handicapped as they were with no "corpus," that one's practical appraisal is that the government was at some disadvantage with the jury.

We are fortified in our conclusion by United States v. Pullings, 7 Cir., 321 F.2d

287. In Pullings, the defendant did have a special reason for the presence in evidence of the wrapper in which the "lost" marijuana was originally found. Thus, Munich's is a stronger case for affirmance. See also Ware v. United States, 8 Cir., 259 F.2d 442, and Lebron v. United States, 1 Cir., 241 F.2d 885, cert. denied, 354 U.S. 911, 77 S.Ct. 1298, 1 L.Ed.2d 1429.

Other points, ably presented, we do not find substantial. And, we conclude that there was nothing clearly erroneous with the trial.

The evidence was overwhelming but for the absence of the clincher: the heroin itself. And its nature was made clear by the embarrassed experts with no heroin to exhibit.

The judgment of conviction is affirmed.