**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Edward P. SEWAR, Defendant-Appellee.**

**No. 72-1962.**

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1972.

Certiorari Denied Jan. 22, 1973. See 93 S.Ct. 972.

* The Honorable William J. Jameson, United States District Judge, of Montana, Billings Division, sitting by designation.

Bruce Babcock, Jr., Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellant.

E. Richard Walker, Federal Public Defender (argued), Sacramento, Cal., for defendant-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and McNICHOLS, District Judge.*

DUNIWAY, Circuit Judge:

The United States appeals from an order granting Sewar's motion to suppress certain evidence. The appeal is permitted by 18 U.S.C. § 3731. We reverse.

Sewar has been indicted in two counts charging manslaughter and felony drunk driving committed on a government reservation. (See 18 U.S.C. §§ 13, 1112 and Cal. Vehicle Code § 23101). The case arises from a two car collision occurring on Beale Air Force Base. Sewar drove one of the cars; one occupant of the other car was killed and another was injured. Sewar, too, was injured and was taken to the base hospital. There, blood was taken from his body. Several days later, an officer ordered that this blood be subjected to a blood alcohol test. A technician at the hospital performed two tests which showed, respectively, readings of .286% and .265%. Under California law one is presumed to have been intoxicated if the test shows .10% or more. Some time later, the technician, finding that his refrigerator was full, and not realizing that the sample should be preserved, threw it out, along with others. On the basis of these facts, the trial judge suppressed all evidence relating to the tests. Thus, the government will not be able to present the testimony of the technician or the hospital records to show the results of the tests, at the trial.

At the hearing of the motion to suppress, the court assumed that there was no bad faith on the part of the technician when he threw out the sample. The record supports this. The judge's reasoning was as follows:

> "As I say, I'm assuming it's unintentional, but I'm also troubled, looking down the road, for whatever precedent this case might make, and I think it would be unfortunate for the word to get out: 'All right, make your test. If you have any doubt about it, why, throw the stuff away. The results of the test are admissible anyway.' I'm troubled by the situations that might develop in other cases if we acknowledge that the defense has a right to make its own test, but we preclude that right just because we don't have the stuff on hand.
>
> . . . . . .
>
> "If the blood should have been available, then the defendant should have had a right to examine it. You're asking me to say, 'I'm sorry, you should have a right to examine it, but you don't have because the government, in its hierarchy, inadvertently lost it or disposed of it.' As I say, as I sit here I have little doubt that any different result would have been, that the defendants would have been able to find anything; but would be of help to them. I just don't think that a court should, under these circumstances, make that judgment. The courts have been fooled before. In any event, if they had a right to examine it, they must be accorded that right. Extreme grasping for straws as it may be, must be afforded that right."

In so holding, the court went too far. Not every blunder by investigators should result in the exclusion of relevant competent, important evidence. While

* Honorable Ray McNichols, United States District Judge, District of Idaho, sitting by designation.

we would be naif to believe that no investigator would ever behave in the manner conjured up by the trial judge, we cannot administer justice upon the assumption that all or even most investigators will behave in that manner.

This case is governed by United States v. Augenblick, 1969, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537. It involved the unexplained loss of a tape on which was recorded a conversation between the accused and an investigator. The tape had been unaccountably lost and so could not be used in cross-examining the investigator, who testified about the conversation. The conviction was by a military court, and the question was raised in a subsequent action for pay, in which Augenblick claimed that the conviction was constitutionally infirm. The Court of Claims held that the failure to produce the tape denied the accused due process of law. The Supreme Court reversed, in a unanimous opinion by Mr. Justice Douglas, in which he emphasized that the tapes were not suppressed, and held that the question was not one of constitutional dimension.

*Augenblick* has been followed in United States. v. Augello, 2 Cir., 1971, 451 F.2d 1167, where the police deliberately destroyed a taped recording of a conversation between the defendant and his victim because it was "unintelligible." Destruction of the tape was held not to require exclusion of the testimony of police officers, who also heard the conversation. *Augenblick* was also followed in United States v. Shafer, 7 Cir., 1971, 445 F.2d 579, 582, where the government destroyed fuses and powder taken from the defendant because the items were thought dangerous to public buildings.

In United States v. Bryant, 1971, 142 U.S.App.D.C. 132, 439 F.2d 642, heavily relied upon by Sewar, the court put the issue as "whether intentional non-preservation by investigators—as opposed to bad faith destruction or prosecutorial withholding—of discoverable evidence amounts to illegal suppression." *Bryant, supra,* at 644. Plainly, and without going further into *Bryant,* that case is distinguishable from the present case, where the non-preservation was unintentional.

Sewar also argues that his Sixth Amendment right to be confronted with the witnesses against him is violated in that he is not able to examine the blood sample. We find no merit in this contention. It is the technician who made the test, not the blood sample, who will be a witness against him. He will be entitled to cross-examine the technician. The fact that the sample is missing may make cross-examination more difficult, but that does not amount to a denial of confrontation.

We cannot find that proof of the tests would, in the circumstances, be so unfair as to require its exclusion, or that such exclusion would have any important prophylactic effect.

Reversed.