**UNITED STATES of America, Appellee,**

v.

**Darrell Duane HENRY, Appellant.**

No. 73-2255.

United States Court of Appeals, Ninth Circuit.

Nov. 20, 1973.

Gary D. Gayton (argued), Seattle, Wash., for appellant.

Stan Pitkin, U. S. Atty., Marvin L. Gray, Jr., Charles F. Manefield, Asst. U. S. Attys. (argued), Seattle, Wash., for appellee.

Before DUNIWAY, ALDRICH,* and SNEED, Circuit Judges.

OPINION

PER CURIAM:

Appellant Henry was convicted on two counts of sale of heroin and conspiracy to sell heroin. The sole issue on appeal is whether the destruction of the heroin prior to appellant's trial necessitates reversal of his conviction.

Ronald Mattos was indicted for sale and possession of heroin and pleaded guilty. The Government discussed with Mattos the possibility of testifying against appellant, his supplier, but Mattos refused to do so. The heroin was then destroyed by the Government. Mattos later experienced a change of heart and agreed to testify against appellant.

██ In the absence of bad faith or connivance on the part of the Government, destruction of evidence prior to trial does not necessitate reversal of a conviction. United States v. Sewar, 468 F.2d 236 (9th Cir. 1972), cert. denied, 410 U.S. 916, 93 S.Ct. 972, 35 L.Ed.2d 278 (1973); Munich v. United States, 363 F.2d 859 (9th Cir. 1966), cert. denied, 386 U.S. 974, 87 S.Ct. 1167, 18 L. Ed.2d 135 (1967). In this case the government acted in good faith when it destroyed the evidence in question. It then had no reason to believe that the evidence would be needed in the present case, and there are obvious reasons for promptly getting rid of the contraband once the case in which it has been used as evidence has been completed. While this is not a case like United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), where the missing evidence was only collateral, we apply the same rule where the evidence was not of a type on which a defense is usually made and the expert on whom

---

* Honorable Bailey Aldrich, Senior Judge, First Circuit, sitting by designation.

the issue hangs was available for cross-examination. Since Appellant has failed to meet his burden of demonstrating improper motive on the part of the Government in this case, and suggests no reason to suppose he was prejudiced, the judgment is affirmed. Cf. United States v. Sewar, 468 F.2d 236, 238 (9th Cir. 1972), cert. denied, 410 U.S. 916, 93 S.Ct. 972, 35 L.Ed.2d 278 (1973).