THE PEOPLE OF THE TERRITORY OF GUAM

v.

GORDON STEVE CLAY, Defendant

Criminal No. 5F-74

Superior Court of Guam

February 4, 1975

BENSON, *Judge*

This matter came before the court on defendant Gordon Steve Clay's motion for an order suppressing the report of a hair comparison on the ground that the hair found at the scene which is reported similar to a hair taken from defendant Clay was no longer in existence.

Certain facts are undisputed. The hair found at the scene was compared by the People's chemist with one taken from the defendant pursuant to a warrant and were reported as similar. The hair found at the scene was subject to several tests and in a normal course of performance of the last test it was crushed and exposed to certain substances. The remnants were discarded. The defendant is obviously unable now to make independent tests (which were authorized by the court and were not objected to by the People) to either corroborate or impeach the findings of the People's chemist. No bad faith on the part of the People or its agents exists.

The factual issue is whether or not it was proper procedure and warranted to have used the entire hair in the final test and then discarded the remnants.

At the hearing of this motion, the chemist for the People and the chemist for the defendant testified extensively.

The final test conducted by the People's chemist was to determine the blood grouping of the hair. The hair was one to one and one-half inches long (2.54 to 3.81 centimeters). In conducting the final test the chemist divided the hair into three sections for the testing to determine A, B or O blood

264

grouping. He testified that sections of one-half to three-quarters of an inch were the shortest sections that he had used in any blood grouping tests.

The People's chemist's tests were to compare 4 pubic hairs and one head hair found at the scene with hairs of the 3 victims and the 2 defendants. The only similarity found by him were the pubic hair in question and the defendant's pubic hair.

The defendant's chemist testified that the shortest section he had tested was about $\frac{1}{2}$ centimeter and he usually tested sections of $\frac{1}{2}$ to 1 centimeter. Thus the defendant's chemist would require a hair of $1\frac{1}{2}$ to 3 centimeters in length.

The defendant's chemist also stated that the circumstances of this case indicated that the best procedure required the retaining of a portion of the hair unaltered so that later tests by others could be made; that it wouldn't be "absolutely necessary" to have used the entire hair; that rather than a comparison test as was done with a "known hair", better results are achieved by "blind" testing where the source of all hairs is unknown; that even the remnants of the hair following the blood grouping tests might have some value for later testing.

The People's chemist testified on this last point that he would not rely on the results of subsequent testing of the hair remnants after the blood grouping test.

Both experts testified as to a general policy of the importance of evidence preservation that is a part of their field, but did not cite specific procedures covering a case such as this.

The court finds that the destruction of the hair occurred during an investigatory test conducted by a qualified chemist using reasonable means.

I conclude that the People have met their burden of explaining the non-production of the hair which was their

duty to preserve once it was taken as evidence. *U.S. v. Bryant* (1971 C.A.D.C.) 439 F.2d 642, at p. 651. See also *U.S. v. Sewar* (9th Cir. 1972) 468 F.2d 236; *People v. Eddington* (C.A. Mich. 1974) 218 N.W.2d 831.

It is therefore ordered that the defendant's motion be, and the same is hereby denied.