**UNITED STATES of America, Appellee,**

v.

**William James DOTY, Appellant.**

No. 82–2553.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1983.

Decided July 29, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 1, 1983.

---

Arthur S. Margulis, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Following a nonjury trial on largely stipulated facts, appellant William James Doty was convicted of one count each of manufacturing marijuana and possession of marijuana with intent to sell, violations of 21 U.S.C. § 841(a)(1). On this appeal, he assigns as error: (1) the district court's [1] denial of a suppression motion challenging the validity of a warrant authorizing the search of his farm; and (2) the court's consideration of evidence relating to the quantity of marijuana discovered on the property. Finding no reversible error, we affirm.

I. Background.

In August of 1982, an officer with the Missouri State Highway Patrol received an anonymous telephone call concerning a two-acre field of marijuana. Specific directions to the farm on which the plants were being cultivated were supplied by the caller; the location of this farm, owned by appellant Doty, was subsequently verified by investigating authorities. Several days later, officers flew over the farm in a helicopter and observed what appeared to be marijuana.

Armed with the foregoing information, the officers sought and received a search warrant from an associate state circuit judge. Execution of the warrant by members of the highway patrol and a local sheriff's department resulted in the discovery of approximately 156 marijuana plants on the farm. With the exception of three samples, all the plants were burned at the scene.

Doty was not at the farm at the time of the search, and was later taken into custody in St. Louis by federal authorities, who were apparently brought into the case after the execution of the warrant. As indicated, he was subsequently charged with one count each of manufacturing marijuana and possessing the substance with intent to sell. Having waived his right to trial by jury, Doty was convicted of both offenses and sentenced to concurrent terms of five years' imprisonment, with a three-year special parole term, on each count. This appeal followed.

II. Validity of the search warrant.

In his initial assignment of error, Doty contests the district court's denial of his motion to suppress evidence stemming from the search of his farm. He argues that the affidavits submitted in support of the officers' application for the search warrant were inadequate to establish probable cause, that the search was therefore unlawful and that any evidence resulting from the warrant's execution consequently should have been suppressed.

Two affidavits were presented to support the search warrant application in the present case. Essentially, each recited the following: On August 16, 1982 an informant told one of the attesting officers that he knew where an estimated two acres of marijuana were being cultivated. The informant described the marijuana field's location as being approximately two miles southwest of a specified local route, down a gravel road to a mailbox marked "Doty." These directions were followed by one of the affiants, and the farm's location was verified; the legal description for the prop-

1. The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri.

erty, as well as the names of its owners, were included by the officer. Each affiant also indicated that during a helicopter flight over the Doty farm, he observed a cultivated plot of ground in "a remote area where the ordinary person would not expect someone to cultivate crops." On closer examination from the air, the plants growing in the plot appeared to each officer to be marijuana. Both affiants further stated that they were "familiar with the appearance of growing marijuana." In addition, a shed or barn was observed near the cultivated plot; the informant had indicated that a shed or barn had been converted into a facility for drying the harvested marijuana.

The standards for evaluating the validity of a search warrant based on hearsay were recently modified by the Supreme Court. In *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), a majority of the Court abandoned the "two-pronged" test delineated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and substituted in its place a "totality of the circumstances" approach. *Gates,* 103 S.Ct. at 2332. Under this standard,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Id.* (*quoting Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)).

▮ In this context, we also observe that courts "evince a strong preference for searches made pursuant to warrant, and, in some instances, may sustain them where warrantless searches based on a police offi-

cer's evaluation of probable cause might fail." *United States v. Carlson,* 697 F.2d 231, 237 (8th Cir.1983). "[R]eviewing courts should interpret affidavits in a common-sense and realistic fashion, and deference is to be accorded an issuing magistrate's determination of probable cause." *Id.* Moreover, we are cognizant of the value to be given the corroboration of details of an informant's tip by independent police efforts. *Gates,* 103 S.Ct. at 2334; *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959).

▮ Applying these principles in the present case, we are satisfied that the affidavits in question provided a sufficient basis for the issuing judge's finding of probable cause. The affidavits indicated that the attesting officers had personally observed what appeared to be marijuana plants in a cultivated plot on the Doty farm in a remote area where one would not normally expect crops to be grown. These observations, although the result of an investigation stimulated by the anonymous telephone tip, arguably constituted more than mere corroboration of that tip, and themselves provided probable cause to search. *Cf. Adams v. Williams,* 407 U.S. 143, 148–49, 92 S.Ct. 1921, 1924–1925, 32 L.Ed.2d 612 (1972) (discovery of gun in suspect's possession, as predicted by informant, supplied probable cause to arrest, and search of suspect's person and car incident to that arrest was therefore lawful). We are not persuaded by Doty's contention that the officers' claims to have observed the marijuana were merely conclusions which should be given little weight. The affidavits recited that each of the attesting officers was "familiar with the appearance of growing marijuana;" although the inclusion of more specific information concerning the officers' experience and training with respect to marijuana identification might have been desirable, and is to be encouraged in similar future situations, the absence of such information here does not mean the officers' observations are to be disregarded in determining the existence of probable cause. Affidavits "are normally drafted by nonlawyers in the

midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); *see also Gates,* 103 S.Ct. at 2330.

■ Moreover, the issuing judge could rely on the telephone tip, which, as in *Gates,* had been corroborated in large part by the investigative efforts of the police. *See* 103 S.Ct. at 2334–35; *cf. Ker v. California,* 374 U.S. 23, 35–36, 83 S.Ct. 1623, 1630–1631, 10 L.Ed.2d 726 (1963) (agents' observations of suspected marijuana purchaser and dealer in suspicious circumstances, although alone not amounting to probable cause, provided probable cause when considered with informer's tip).

In short, we are convinced that the issuing judge had a substantial basis for concluding that probable cause existed in the present case. The district court's denial of Doty's motion to suppress was therefore not in error.

### III. Evidence relating to the quantity of marijuana.

Doty's second assignment of error concerns the district court's consideration, over objection, of evidence pertaining to the number of marijuana plants discovered during the search and their approximate weight and value. This evidence was included in the proffered testimony of two officers who assisted in the search, and was apparently considered by the court both in determining guilt and in imposing sentence.

The gravamen of Doty's argument is that because nearly all the marijuana was burned at the time of the search, he was deprived of any opportunity to inspect the plants, and as a result could not verify the proffered testimony concerning their quantity and estimated value. Destruction of the plants in this manner, he contends, denied him due process of law, because the government has in effect suppressed evidence potentially favorable to the defense concerning the amount of marijuana discovered during the search.

■ The government's failure to preserve discoverable evidence may, in some circumstances, result in the denial of a defendant's right to due process of law. *See, e.g., United States v. Bryant,* 439 F.2d 642 (D.C.Cir.1971). In determining whether the loss or destruction of evidence has deprived a defendant of a fair trial, courts have engaged in "a case-by-case assessment of the government's culpability for the loss, together with a realistic appraisal of its significance when viewed in light of its nature, its bearing upon critical issues in the case and the strength of the government's untainted proof." *United States v. Grammatikos,* 633 F.2d 1013, 1019–20 (2d Cir.1980); *accord United States v. Baca,* 687 F.2d 1356, 1359 (10th Cir.1982); *see United States v. Traylor,* 656 F.2d 1326, 1334–35 (9th Cir.1981); *United States v. Picariello,* 568 F.2d 222, 227 (1st Cir.1978); *Bryant,* 439 F.2d at 653. Applying this balancing approach in the present case, we conclude Doty's due process rights were not violated.

Initially, Doty has made no showing of culpability on the part of the federal government for the destruction of this evidence. The marijuana was burned by state officers immediately following execution of the state-issued search warrant, and there is nothing in the record to indicate that the plants were destroyed at the direction of federal officers. Where responsibility for the loss or destruction of evidence lies primarily with state authorities, courts have been reluctant to impose sanctions for its nonproduction by the federal government. *See Baca,* 687 F.2d at 1360; *Traylor,* 656 F.2d at 1335; *United States v. Johnston,* 543 F.2d 55, 57 (8th Cir.1976). Moreover, although the plants were not destroyed pursuant to court order, *see* Mo.Ann.Stat. § 195.140(1)(1) (Vernon 1983), in the circumstances of this case we are not convinced the officers acted in bad faith in burning the marijuana at the scene. Given the infeasibility of retaining such a large quantity of marijuana for any length of time, as well as the fact that samples were taken for testing and proof of the plants'

status as contraband, we are unwilling to attribute any bad faith to the officers' action.

More importantly, the unavailability of the plants was not a critical factor in the outcome of this case. It is conceded that the plant samples taken during the search were marijuana, and that they were removed from Doty's farm. Clearly, the potential prejudice accruing here is of a far lesser degree than that in other loss of evidence cases in which relief was denied. *See, e.g., Baca,* 687 F.2d at 1360–61; *United States v. Arra,* 630 F.2d 836, 849–50 (1st Cir.1980). Doty's claim concerns only the amount and estimated value of the plants, matters which are essentially collateral here. Further, defense counsel could have attempted to discount the proffered testimony through inquiry into the officers' training and experience as well as the circumstances surrounding the plants' destruction. *See United States v. Henry,* 487 F.2d 912, 912–13 (9th Cir.1973) (per curiam). Finally, there is no reason in this case to believe that inspection of the actual plants by Doty would have resulted in exculpatory evidence of any kind, nor is there anything in the record from which the credibility of the officers can legitimately be questioned.

After balancing the culpability of the government and the significance of the missing evidence in this case, we are satisfied that Doty was not denied a fair trial or sentencing due to the destruction of the marijuana. Consideration of the proffered evidence was not error.

IV. Conclusion.

We have carefully reviewed each of the assignments of error raised by the appellant, and find them to be without merit. Accordingly, the judgment of the district court is affirmed.