LANIER, Judge.
This is an application for a supervisory writ by the State contesting a ruling by the district court prohibiting it from introducing evidence concerning the analysis of a *1266 blood sample where the sample had been destroyed.
FACTS
The State alleges that on October 10, 1982, Terry Foret was the driver of a vehicle involved in a two car accident in Terre-bonne Parish which resulted in the death of Parrish Jeanfro. Foret was subsequently charged with Driving Left of Center (La. R.S. 32:79), Driving While Intoxicated (La. R.S. 14:98) and Negligent Homicide (La. R.S. 14:32).
After the accident, Foret was brought to the Terrebonne General Hospital and gave a blood sample for a blood alcohol test. The State also alleges that marijuana was found in Foret’s possession and seized.[1] The blood sample and marijuana were sent to the Louisiana State Police Crime Laboratory (LSPCL) for analysis. A separate report on each analysis was sent to the office of the District Attorney for the Thirty-Second Judicial District Court, Parish of Terre-bonne.
On December 29, 1982, counsel for Foret filed a “Motion for Bill of Particulars and Request for Information and Documents” in docket # 129,375. In question 10 of the document, the State was asked the following question:
State whether any test was employed to determine the blood alcohol level of the defendant; and if so, what test was employed, when and by whom was it administered, the results of said test, and whether any sample of the material taken for said test from the defendant has been or will be made available to the defendant for independent testing and when and in what manner (specific request is now made for said sample).
On February 10, 1983, the State filed a document entitled “Answer to Motion for Bill of Particulars” in docket # 129,376 (Negligent Homicide) and in response to question 10, replied as follows:
In answer to # 10, the State attaches hereto a copy of the State Police Crime Lab report # SP-5812-82.
The report actually attached was that for the marijuana analysis and not that for the blood sample analysis.
The court minute entry for March 1, 1983, for docket # 129,375 and 129,376 (Driving Left of Center and Driving While Intoxicated) shows that a hearing was held on Foret’s above motion. His counsel advised the district court that he was satisfied with the answers in # 129,375 and the answers in # 129,376 with the exception of answer 13.
Apparently, Foret waived his right to trial by jury and consented to a judge trial on all three charges consolidated.[2] On December 8, 1983, during this trial, Glenn Singletary, a forensic scientist at LSPCL, was called as a witness. When he was asked by the State if he had received a blood alcohol kit on Foret, counsel for For-et objected to any evidence concerning a blood alcohol analysis because the response to the question in the above-described motion was the report on the marijuana analysis and no mention was made of the blood alcohol analysis. Counsel for the State contended that the attachment of the wrong report was inadvertent, and the district court accepted this explanation. The district court offered to grant a mistrial if requested by Foret. Counsel for Foret declined to so request. The district court then recessed the trial until December 15, 1983, and ordered the State to make the blood sample available to Foret for inspection and analysis. La.C.Cr.P. art. 729.5.
On December 15, 1983, the trial was resumed, and the State advised the district court that the blood sample had been destroyed by LSPCL on November 12, 1983. (No reason was given for the destruction.) Counsel for Foret then requested that the State be prohibited from introducing evidence of the blood sample analysis because the State gave the wrong answer to the *1267 interrogatory and the sample had been destroyed, both of which prejudiced the presentation of the defense. The district court judge ruled that the actions of the State prevented the defendant from properly defending himself, that this was unfair and a violation of due process and suppressed the use of the blood sample analysis and any testimony concerning it. At the request of the State, the district court again recessed the trial until this Court could rule on the State’s request for a supervisory writ contesting this ruling. This application was filed on February 3, 1984.
ADMISSIBILITY OF TESTIMONY WHERE PHYSICAL EVIDENCE HAS BEEN LOST OR DESTROYED PRIOR TO DEFENSE INSPECTION
Although physical evidence is lost or destroyed, testimony concerning it may still be admissible. State v. Boyer, 406 So.2d 143 (La.1981). The mere possibility that a test of physical evidence might have produced evidence favorable to a defendant does not necessarily mean the failure to conduct the test because of the unavailability of the evidence denies a defendant a fair trial. State v. Taylor, 422 So.2d 109 (La.1982); State v. Robinson, 386 So.2d 1374 (La.1980). Where physical evidence has been lost or destroyed by the State, the following factors should be considered to determine whether a defendant’s right to due process has been prejudiced: (1) materiality of evidence to guilt or punishment; (2) prejudice to defendant by loss or destruction; and (3) good or bad faith of the State. United States v. Green, 680 F.2d 520 (7th Cir.1982), cert. denied, — U.S. -, 103 S.Ct. 493, 74 L.Ed.2d 635 (1982); United States v. Loud Hawk, 628 F.2d 1139 (9th Cir.1979), cert. denied, 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980); United States v. Picariello, 568 F.2d 222 (1st Cir.1978). In an appropriate case, testimony may be received about the alcohol content of a blood sample that has been lost or destroyed before a defendant had an opportunity to test it. United States v. Sewar, 468 F.2d 236 (9th Cir.1972), cert. denied, 410 U.S. 916, 93 S.Ct. 972, 35 L.Ed.2d 278 (1973).
To properly determine if the destruction of the blood sample is prejudicial error in the instant case, two additional factual inquiries must be made: (1) why was the blood sample destroyed; and (2) what is the testing life of the blood sample (see, for example, Green, 680 F.2d at 523, where the testing life of a blood stain was only two months). The State bears the burden of justifying its conduct, and the defendant bears the burden of demonstrating prejudice. Loud Hawk, 628 F.2d at 1152. On the issue of prejudice, inquiry may be made (within constitutional limits) into what additional actions, if any, the defendant could have taken to secure the correct report and the blood sample prior to trial. Cf. Picariello, 568 F.2d at 228.
DECREE
For the foregoing reasons, this writ is granted, the ruling of the district court is reversed, and this cause is remanded. The State is ordered to forthwith furnish Foret with a copy of the LSPCL report on his blood sample (if this has not already been done). The district court shall conduct an evidentiary hearing on the two factual inquiries set forth above and, after considering all pertinent factors, reconsider the objection to testimony about the blood sample in accordance with the views expressed herein.
WRIT GRANTED, REVERSED AND REMANDED WITH INSTRUCTIONS.

. The State declined prosecution on the charge of possession of marijuana (La.R.S. 40:966).

. The certificate of the court reporter shows that the trial was on docket # 129,374, 129,375 and 129,376.