DANIEL S. PEARSON, Judge.
We reverse the order under review which suppressed cocaine seized from the defendant. Contrary to the trial court’s view, it is legally inconsequential— although perhaps emotionally provocative —that the seizing police officers entered the grounds of the thirty-unit apartment building by scaling a six-foot high wall at the rear of the property, since it plainly appears from a fair reading of the record that the general public had unimpeded access to the building through the front entrance to the property. Thus, even assuming, arguendo, that a resident (a status which the defendant alleged but did not prove) may have a reasonable expectation of privacy in the common entries, hallways, and spaces of a locked or otherwise secured apartment building, see, e.g., United States v. Carriger, 541 F.2d 545 (6th Cir.1976); but see United States v. Holland, 755 F.2d 253, 256 (2d Cir.1985) (“we never have held that the common areas must be accessible to the public at large”); United States v. Eisler, 567 F.2d 814, 816 (8th Cir.1977) (“expectation of privacy necessarily implies an expectation that one will be free of any intrusion, not merely unwarranted intrusions”); see generally 1 W. LaFave, Search and Seizure § 2.3(b), at 388-89 & cases collected at n. 44 (2d ed. 1987), no resident of the unlocked and unsecured premises and apartment building in the present case could have had such a reasonable expectation in those shared areas. Moreover, the defendant cannot complain that the events leading to the discovery of the cocaine in his possession were unlawful: when a man named Garcia ran from the uniformed officers and threw down a concealed gun in the common hallway, the officers lawfully pursued him to an apartment which Garcia entered; in pursuit of Garcia — now a fleeing felon — they lawfully stepped into the open doorway of the apartment, United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); and, from that lawful vantage point, they saw the defendant Batista holding and attempting to dispose of a bag of cocaine.
Reversed and remanded for further proceedings.