PER CURIAM.
This is an appeal by the defendant Jose Irizary from a final judgment of conviction and sentence for unlawful possession of cocaine which was entered below based on a nolo contendere plea; the defendant specifically reserved for appeal the denial of his motion to suppress the subject cocaine based on Fourth Amendment grounds. We affirm based on a holding that (1) the police had probable cause to believe that an illegal “chop shop” was being operated in the rear of a private residence in which alleged stolen vehicles were being stripped down, see Illinois v. Gates, 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527, 545 (1983); Bush v. State, 369 So.2d 674, 676 (Fla. 3d DCA 1979), (2) the police reasonably believed that a certain private dirt road led from the public street around back to the “chop shop” which was otherwise open to the public, see State v. Batista, 524 So.2d 481 (Fla. 3d DCA 1988); Diehl v. State, 461 So.2d 157 (Fla. 1st DCA 1984); State v. Clarke, 242 So.2d 791, 793-94 (Fla. 4th DCA 1970), cert. denied, 246 So.2d 112 (Fla.1971), (3) the police therefore lawfully drove their police vehicle onto the dirt road [which, in fact, led past the defendant’s residence on the way to the “chop shop”] and in so doing saw the defendant outside his residence in the midst of a drug sale with a codefendant, lawfully arrested the defendant for this offense, and thereafter seized the suspect cocaine as incident to this lawful arrest, State v. Ashby, 245 So.2d 225 (Fla.1971); Blanding v. State, 446 So.2d 1135 (Fla. 3d DCA 1984); State v. Garcia, 374 So.2d 601 (Fla. 3d DCA 1979), and (4) the trial court therefore properly denied the defendant’s motion to suppress.
Affirmed.