73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee
v.
Rosendo SANTILLAN-URIAS, Defendants-Appellant.
 No. 95-50021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1995.*
Decided Dec. 22, 1995.
 
 Before: ALDISERT**, ALARCON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 In this action Rosendo Santillan-Urias appeals his conviction and sentence for possession with intent to distribute cocaine. We affirm the sentence and conviction imposed by the district court.
 
 I.
 
 3
 On June 14, 1994, a Los Angeles Police Department detective arrested Appellant after finding, pursuant to a legal search, ten kilograms of powder cocaine in his luggage. After the detective discovered the cocaine, another detective interviewed Appellant in Spanish. Appellant told the detective the following:
 
 
 4
 He had met a man named Jose in a bar in Phoenix. Jose told him he was from Guadalajara, Mexico, an area defendant [appellant] knew to have a high level of narcotics trafficking. Jose offered him $5,000 to carry a suitcase from the Southern California to Phoenix. Jose told him where to go in Southern California, and defendant followed the directions and was taken to a house in Chino. Defendant [appellant] stayed at the house for three days, and on the third day, a lady at the house took his clothes, packed them in a suitcase, and gave him the suitcase to take to Phoenix. Defendant thought the bag probably contained cocaine, that it was logical because of the amount of money he was being paid.
 
 
 5
 Government's Brief at 5-6. At the end of the interview, Appellant wrote out and signed a statement which, the detective later testified, accurately reflected the oral statement above.
 
 
 6
 The written statement, which was eventually found, was lost before Appellant was indicted, and remained missing throughout the trial and post-trial motions. In that written statement, appellant admitted having been hired to carry a suitcase on a plane in return for $5,000, and admitted thinking that the suitcase contained drugs because of the amount he was being paid.
 
 
 7
 On August 31, 1994 Appellant was convicted under 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A) of possession with intent to distribute. On October 19, 1994 Appellant filed a motion seeking dismissal of the indictment or, in the alternative, a mistrial, claiming prejudice due to the government's loss of the written statement. This motion was denied. On January 4, 1995, Appellant requested application of the "safety valve" provision of the Violent Crime Control and Law Enforcement Act of 1994. 18 U.S.C. Sec. 3553(f). After ruling that the safety valve provision did not apply, the district court sentenced Appellant to 120 months incarceration.
 
 
 8
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Secs. 3742, 3551 and 3557 and 28 U.S.C. Sec. 1291. Appeal was timely filed under Rule 4(b), Federal Rules of Appellate Procedure.
 
 II.
 
 9
 The major question for decision is whether the district court erred either in denying Appellant's motion to dismiss the indictment or in denying Appellant's motion for a mistrial, both based on the government's temporary loss of the written statement. We review these issues for abuse of discretion. United States v. Garza-Juarez, 992 F.2d 896, 905 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 724 (1994).
 
 
 10
 Where there has been a loss or destruction of evidence, we reverse a conviction only if an Appellant can show either (1) bad faith or connivance on the part of the government, or (2) prejudice by the loss of the evidence. United States v. Heiden, 508 F.2d 898, 902-03 (9th Cir.1974) (citing United States v. Henry, 487 F.2d 912, 912-13 (9th Cir.1973)). Moreover, the burden of proving this bad faith or prejudice rests upon the appellant: when "[a]ppellant has failed to meet his burden of demonstrating improper motive on the part of the Government ..., and suggests no reason to suppose he was prejudiced, the judgment is affirmed." Henry, 487 F.2d at 913.
 
 
 11
 Here, Appellant has failed to present any evidence of bad faith or connivance on the part of the government in the loss of the written statement. Furthermore, there is nothing in the record to suggest any prejudice from the loss of the evidence. Indeed, if anything, Appellant's case was strengthened by the absence of a written statement in which he admitted believing that he was probably carrying drugs; had the written statement been available, Appellant could not have denied saying that he thought he was carrying drugs, nor could he have raised the contention that the government was hiding exculpatory evidence. Accordingly, the district court did not abuse its discretion in denying Appellant's motions.
 
 
 12
 We also are unpersuaded by Appellant's argument that the loss of evidence presented a violation of his Fifth and Sixth Amendment rights. Appellant has failed to demonstrate either bad faith or prejudice on the part of the government; in addition, the lost written statement would not have been exculpatory evidence, see Brady v. Maryland, 373 U.S. 83, 87 (1963). Accordingly, we determine that there was no reversible error.
 
 III.
 
 13
 Appellant argues that the district court erred in holding that he did not qualify for the reduction of sentence available under the safety valve provision of 18 U.S.C. Sec. 3553(f). We review for clear error the district court's factual findings upon which the sentence is based. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994).
 
 
 14
 Under the "safety valve" provision of the Violent Crime Control and Law Enforcement Act of 1994, a court may, in certain cases, impose a sentence without regard to any statutory minimum, provided the court finds, inter alia, that:
 
 
 15
 not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 16
 18 U.S.C. Sec. 3553(f) (emphasis added).
 
 
 17
 The district court concluded that in light of "the totality of the circumstances," Appellant was not truthful in providing information about the offense. We have reviewed the district court's detailed factual findings as to whether Appellant met the truthfulness requirement of the safety valve provision and are persuaded that the court's determination was not clearly erroneous. Accordingly, we conclude that the sentence should not be disturbed.
 
 IV.
 
 18
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3